UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE LUONGO as personal representative of the estate of Ashley Forward,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF SAUGUS, OFFICER SEAN MURPHY, SERGEANT MICHAEL RICHARDS, and WILLIAM LEGER,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:24-cv-12311-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

May 28, 2025

TALWANI, D.J.

    The record before the court is unclear as to whether service on Defendant William Leger was effectuated. Prior to removal, a <u>Return of Service</u> was filed in State court stating that Defendant William Leger was served at his last and usual place of abode. <u>See</u> State Court Record 16 [Doc. No. 5]. The Parties' <u>Joint Scheduling Statement</u> [Doc. No. 12] reported, however, on information and belief that Leger was incarcerated, <u>id.</u> at 1, and thus it appears likely that he was not at his usual place of abode at the time of service. At a scheduling conference, Plaintiff's counsel was unsure if service had been effectuated and requested an extension of time to serve Leger. The court extended the time for service to October 31, 2024. <u>See</u> Clerk's Notes [Doc. No. 14]. Since that date, Plaintiff has filed neither a further Return of Service nor a request for entry of default.

Assuming that service was not effectuated, this action must be dismissed without prejudice under Fed. R. Civ. P. 4(m). And if service was made, dismissal is still proper, where Plaintiff has failed to prosecute this action against Leger. <u>See</u> Fed. R. Civ. P. 41(b).

Accordingly, this action is dismissed without prejudice as to Defendant Leger.

IT IS SO ORDERED.

May 28, 2025                                                     /s/ Indira Talwani
                                                                           United States District Judge